UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILLIAM SLADE SULLIVAN,  Plaintiff | § |
| v. | § |
| THE CITY OF ROUND ROCK, TEXAS, AND | § CIVIL ACTION NO. 1:14-CV-349 |
| OFFICERS N.J. ZOSS, L.M. OSBORN, B.B. JOHNSON, C.S. MOUNT, K.A. MAYO, AND A.P. BALLEW,  Defendants | § JURY DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

Comes now Aaron Brothers as holder of Power of Attorney for (copy of which is attached as Exhibit A), and as Next Friend for William Slade Sullivan (Plaintiff), and brings this action against the City of Round Rock, Texas, (City) for injuries to and damages resulting pursuant to 42 U.S.C. §1983 and § 1988, the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff also brings this action against Officers N.J. Zoss, L.M. Osborn, B.B. Johnson, C.S. Mount, K.A. Mayo, and A.P. Ballew, police officers (collectively "Officers") of the City of Round Rock, Texas, in their individual capacities pursuant to 42 U.S.C. §1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Officer Defendants made an unreasonable arrest, search and seizure of Plaintiff, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution; Defendants assaulted and battered William Slade Sullivan. These violations were committed as a result of policies and customs of the City.

Plaintiff complies with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## I. PARTIES

1.1     Plaintiff currently resides in Austin, Travis County, Texas.

1.2     Defendant City is a municipal corporation located within the boundaries of the Austin Division of the Western District of Texas.  This Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d).  If this Defendant fails or refuses to accept service as requested, then Plaintiff will request service of process pursuant to FRCP 4(j) upon the City Manager of Round Rock, Texas, Mr. Steve Norwood at his business address: City Manager 221 E. Main Street, Round Rock, Texas 78664.

1.3     Defendant Officers were at all times relevant to this cause of action as duly appointed and acting officers of the police department of the City of Round Rock, within the course and scope of their employment with the City. These Defendants will be extended the opportunity to accept service of process pursuant to FRCP 4(d).  If these Defendants fail or refuse to accept service as requested, then Plaintiff will request service of process to be served upon each Officer pursuant to FRCP 4(e) at their respective places of business: Round Rock Police Department, 2701 N. Mays Street, Round Rock, Texas 78665.

## II. JURISDICTION AND VENUE

2.1     42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2     Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

2.3     This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4     Venue is proper in the Western District of Texas, Austin Division, as this is the district where the claim arose in accordance to 28 U.S.C. § 1391(b).

## III. DUTY AND LAW APPLICABLE

3.1     Plaintiff was subjected to excessive force in violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

3.2     Plaintiff commences this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3     The Defendant Officers were acting under the color of law and are liable under 42 U.S.C. §1983.

3.4     The Defendant City is liable to Plaintiff under §101.021(2) of the Texas Civil Practice and Remedies Code (TCPRC) because of the negligence of Officers and of the City.

## IV. FACTS

4.1     On March 21, 2014, Plaintiff had been drinking at Rick's Cabaret, as he had done on many occasions having been a long-time and "VIP" customer of Rick's. Employees of Rick's had taken Plaintiff's keys from him earlier in the evening with the intention of shuttling him home, but returned the keys to him upon his insistence, so that he could charge his cell phone battery and call a friend to take him to a hotel. An employee of Rick's, apparently the security guard, called the Round Rock police alerting them that Plaintiff was intoxicated and was entering his vehicle.

4.2	Plaintiff had a long-standing, serious and disabling condition in his back, which was well known among all persons who were acquainted with him; he was, however, able to care for himself, drive himself and live on his own.  Plaintiff's disability was very visible to anyone that looked at him, as his neck and shoulders were "hunched" over and he was unable to turn his head without turning his entire body.  Plaintiff also had a handicapped placard displayed on his rear-view mirror, indicating his disabled status.

4.3	At approximately 3:37am, Plaintiff was sitting in his parked vehicle attempting to re-charge his depleted cell phone battery so he could call a friend to come get him and take him to a hotel across the highway.  Officers arrived on the scene at the parking lot of Rick's Cabaret, located at 3105 South Interstate 35, which apparently is located just inside the Northern boundary of Travis County, Texas.  Though Plaintiff presented no threat to the Officers, nor to the public at that time, the Officers pulled their weapons and began yelling to Plaintiff to "get out of the car" (or using words of similar import).

4.4	Before he was able to respond, Plaintiff was forcefully pulled from his vehicle by the Officers and slammed on the ground in an extremely forceful manner.  Through unnecessary and extremely aggressive use of force this not only seriously aggravated his pre-existing condition, but also caused injury to his back and spine which resulted in Plaintiff becoming a total quadriplegic.  He now cannot care for himself and cannot conduct his personal business because of these devastating injuries.

4.5	Plaintiff is unable to plead with more specificity at this time because, though request has been made to the City for a copy of all relevant documents and information relating to this incident and arrest (including an Open Records Request for the same), the City has refused to

furnish such information and has instead requested an Attorney General's Opinion. A copy of such Request and of such Refusal is attached as Exhibit B to this Complaint.

4.6     When additional factual information is available to Plaintiff through effective discovery procedures provided by the Federal Rules of Civil Procedure, Plaintiff will plead more fully and more completely.

4.7     By the filing and forwarding of a copy of this Complaint to Attorneys for the City of Round Rock, Texas, Plaintiff requests and demands that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incidents above described, which may form the basis of this Complaint including, but not limited to video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of the Officers or employees of the City.

## V.  NEGLIGENCE AND CAUSATION

5.1     The acts and failures of Defendants, on the occasion in question, were unreasonable and were the proximate and producing cause of the injuries, aggravation of injuries, damages and aggravation of damages, sustained by Plaintiff. The City is liable to Plaintiff under 42 U.S.C. §1983 for acting with deliberate indifference, as demonstrated by the conduct of these Officers, thus breaching the City's duty to provide Officers with adequate supervision, instruction, and training regarding the reasonable use of force.

5.2     Officers' excessive, inappropriate, and improper use of force - by kneeing, punching, mishandling, and injuring Plaintiff - was a proximate cause of his injuries and damages, including the lasting effects he will suffer from the incident for the rest of his life.

## VI. DUTY TO DISCLOSE

6.1    Defendants have the duty, pursuant to the provisions of FRCP 26, to make a full disclosure of all those matters set out in the Rule, specifically including the identity and names of all police individuals and other fact witnesses involved in this incident.

## VII. DAMAGES

7.1    Defendants' acts and omissions, as set out above, are proximate causes of Plaintiff's injuries and damages.  These damages are far in excess of the minimal jurisdictional limits of this Court and will ultimately amount to several million dollars.  Medical care and treatment, both past and future alone will, in reasonable probability, exceed ten million dollars, in addition to the other elements of damage provided by the law such as physical impairment and other elements of damages recognized by our law.

## VIII. ATTORNEY'S FEES

8.1    Plaintiff has been required to retain the services of attorneys to represent him in this complex and difficult proceeding and cause of action.  Plaintiff has retained the undersigned attorneys to represent him, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, he is entitled to recover his reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## IX. JURY DEMAND

9.1    Plaintiff respectfully demands a trial by jury.

# X. PRAYER

10.1   Plaintiff asks for judgment against Defendants and prays for:

   a.   trial by jury on all issues triable to a jury;

   b.   judgment against Defendants, jointly and severally, on behalf of the Plaintiff for actual damages pursuant to 42 U.S.C. §1983;

   c.   statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended;

   d.   judgment against the City of Round Rock, Texas on behalf of the Plaintiff for actual damages pursuant to *Tex. Civ. Prac. & Rem. Code* §101; and

   e.   any and all additional relief to which the Plaintiff may appear to be entitled.

Filed this 23rd day of April, 2014.

    Respectfully submitted,

    ATTORNEYS FOR PLAINTIFF:

    Broadus A. Spivey
    LAW OFFICES OF BROADUS A. SPIVEY
    48 East Avenue
    Austin, TX 78701
    o: 512-474-6061   f: 512-474-1605
    bas@spivey-law.com
    SBOT No. 00000076

    Joe Turner
    JOSEPH A. TURNER, PC
    1504 West Avenue,
    Austin, TX 78701
    o: 512-474-4892  f: 512-474-8252
    joeturnerpc@gmail.com
    SBOT No. 20322500

    By: /s/ Broadus A. Spivey
        Broadus A. Spivey