IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROSEMARY CLAUS SULLIVAN, AND AARON BROTHERS AS INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIAM SLADE SULLIVAN, DECEASED, | § § § § § | |
| Plaintiffs, | § | A-14-CV-349-LY-ML |
| V. | § § | |
| THE CITY OF ROUND ROCK, TEXAS; OFFICERS N.J. ZOSS, K.A. MAYO, AND A.P. BALLEW; AND RICK'S CABARET INTERNATIONAL, INC. A/K/A RCI DINING SERVICES (ROUND ROCK) INC. A/K/A RCI HOSPITALITY HOLDINGS, INC., | § § § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Complaint [Dkt. #41], RCI Hospitality Holdings, Inc. F/K/A Rick's Cabaret International, Inc.'s Memorandum in Opposition to Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Complaint [Dkt. #44], and Plaintiffs' Reply to Response to Motion for Leave to File Plaintiffs' Third Amended Complaint [Dkt. #48]. The Motions were referred by United States District Judge Lee Yeakel to the undersigned on June 22, 2015 for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

1

## I. BACKGROUND

The factual allegations underlying this case are set forth in detail in the prior Report and Recommendation dated December 29, 2014 [Dkt. #29] and adopted in all respects on March 18, 2015 [Dkt. #37]. In brief, Plaintiff Rosemary Claus Sullivan, the mother of William Slade Sullivan, and Aaron Brothers, independent executor of Sullivan's estate, (collectively, "Plaintiffs") bring claims against the City of Round Rock Texas and officers N.J. Zoss, K.A. Mayo, and A.P. Ballew (collectively, the "City Defendants") for excessive force resulting in Sullivan's wrongful death. Plaintiffs also bring pendent state law claims against Rick's Cabaret International, Inc., a/k/a RCI Hospitality holdings, Inc. ("RCI Hospitality") for negligent undertaking and violations of the Texas Dram Shop Act. All of Plaintiffs' claims arise out of the factual allegations summarized below, which are set out in greater detail (including record citations) in the prior Report and Recommendation dated December 29, 2014 [Dkt. #29]

### A. Factual Allegations

According to Plaintiffs, decedent Sullivan was a regular at Rick's Cabaret, and the employees of Rick's often served him to the point of intoxication past the legal limit to drive an automobile. Plaintiffs allege Rick's employees routinely gave Sullivan a ride home, called him a cab, or otherwise arranged for his safe transportation on these occasions. On the night in question, employees of Rick's allegedly texted Sullivan and encouraged him to come drink at Ricks, promising to get him and his vehicle safely home afterward. Rick's employees allegedly provided bottle service to Sullivan and continued to serve him until after 3 in the morning. At that point, a disagreement about the bill cropped up, and a manager of Rick's told Sullivan they would not be driving him home or paying for a taxi. Sullivan then obtained his car keys and went to his truck, allegedly to charge his phone in order to call a friend for a ride. Rick's

employees allegedly called 911 and reported that Sullivan had taken his keys and was driving off.  Round Rock police officers quickly arrived, blocked in Sullivan's car, and dragged him out of the vehicle (despite a handicapped tag visible in the windshield). During the officers' attempts to remove Sullivan from his vehicle, Sullivan fell heavily on the pavement and curb and suffered injuries that rendered him a quadriplegic.  He died during the course of this lawsuit, which is now maintained by his mother and his estate ("Plaintiffs").

### B.  Prior Complaint and Amendments

Plaintiffs sue the City of Round Rock Texas and officers N.J. Zoss, K.A. Mayo, and A.P. Ballew (collectively, the "City Defendants") for excessive force in violation of 42 U.S.C. §§ 1983 and 1988.  Federal subject matter jurisdiction exists over these claims pursuant to 28 U.S.C §§ 1331 and 1343(a)(3).  Plaintiffs sue Rick's Cabaret International, Inc., a/k/a RCI Hospitality holdings, Inc. for state law negligence, gross negligence, and Dram Shop Act claims (TEX. ALCOHOLIC BEV. CODE § 2.02) arising out of the same underlying facts and therefore pendent to their federal lawsuit. 28 U.S.C. § 1367.

Two amended complaints have been filed to date. [Dkt. #6, 15]  The First Amended Complaint abandoned claims against certain individual officers "after further information indicates that they were not involved in [Sullivan]'s extraction and arrest." [Dkt. #6] at 1. The Second Amended Complaint notified the Court of Sullivan's death and the need to substitute his mother and executor as parties.  [Dkt. #15] at 1-2.  Plaintiffs now seek leave to file a Third Amended Complaint.

### C. The Third Amended Complaint Adds a Defendant, Seeks Exemplary Damages

The proposed Third Amended Complaint seeks to add RCI Dining Services (Round Rock), Inc., ("RCI Dining") as a Defendant on the basis that this company is owned by the Defendant RCI Hospitality Holdings, Inc., f/k/a Rick's Cabaret International, Inc. ("RCI Hospitality") and has operated under the Assumed Name "Rick's Cabaret" since May 13, 2010. Mot. Leave to Amend [Dkt. #41] at 1-2, Exs. A-D.  Therefore, Plaintiffs allege RCI Dining, d/b/a Rick's Cabaret, is responsible, along with its parent company RCI Hospitality, Inc., (collectively, the "Rick's Cabaret Defendants") for the negligence, gross negligence, and violations of Tex. Alcoholic Bev. Code § 2.02 alleged to have occurred on March 21, 2014. Mot. Leave to Amend at 2. The Proposed Third Amended Complaint additionally seeks to add claims for punitive damages against all defendants on the basis of recently filed expert reports opining that both the City Defendants and the Rick's Cabaret Defendants were grossly negligent. *Id.*

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) states, "the court should freely give leave [to amend the pleadings] when justice so requires."  The U.S. Supreme Court stated that the rule was designed to "facilitate the amendment of pleadings ***except where prejudice to the opposing party would result***." *U.S. v. Hougham*, 364 U.S. 310, 316-317 (1960) (emphasis added).  Leave to amend is not automatic, *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted).  The court "may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Jones v. Robinson Property Group, L.P.,* 427 F.3d 987, 994 (5th Cir.

2005).  Nevertheless, the Fifth Circuit recognizes a strong presumption in favor of granting leave to amend. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).  "If the district court lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.'" *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).

### III. ANALYSIS

The City Defendants do not object to the proposed Third Amended Complaint.  Therefore, the undersigned RECOMMENDS leave to amend be GRANTED with respect to the proposed claim for punitive damages against the City Defendants.

### A. RCI Hospitality Has Not Established Undue Prejudice From Joining RCI Dining

Defendant RCI Hospitality, the parent company of RCI Dining (d/b/a/ "Rick's Cabaret"), objects that the proposed joinder of RCI Dining is untimely under the Scheduling Order, which closed amendments to the pleadings and joinder of additional parties on December 8, 2014, [Dkt. #38], and Plaintiffs' failure to add RCI Dining as a defendant before the pleading deadline demonstrates a failure to exercise due diligence. Resp. [Dkt. #44] at 1—2.

Plaintiffs reply that RCI Hospitality's arguments concerning timeliness and diligence do nothing to establish that the amendment requested would unfairly surprise or prejudice the Defendants.  Reply [Dkt. #48] at 1—2.  The Fifth Circuit has long recognized the "mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment."  *Dussouy*, 660 F.2d at 598.  The trial of this matter is set for January of 2016, over six months from the date of Plaintiffs' request to amend the complaint.   Reply [Dkt. # 48] at 2.  Here, there is no suggestion in the record that Plaintiffs' amendment would prejudice

the ability of the Rick's Cabaret Defendants to develop and present a full defense of Plaintiffs' claims against them. *Dussouy*, 660 F.2d at 598.

On this record, there is no support for the notion that Plaintiffs have repeatedly failed to cure deficiencies in their theory of the claim, or that Plaintiffs have acted in bad faith in seeking repeated amendments. *See Jones,* 427 F.3d at 994. In fact, Plaintiffs' history of amendment to *drop* claims against unnecessary parties suggests a good faith effort to shape the lawsuit efficiently and appropriately. *Dussouy*, 660 F.2d at 599. RCI Hospitality has not even suggested that amendment to add RCI Dining would be futile; on the contrary, RCI Hospitality has asserted all along that it is not a proper defendant, and merely claims Plaintiffs were not diligent in timely identifying RCI Dining as a defendant. Resp. [Dkt. #44] at 2.

On these facts, RCI Hospitality has not identified any "substantial reason" to deny leave to amend to join RCI Dining as a defendant. *Dussouy*, 660 F.2d at 597. Therefore, the undersigned RECOMMENDS leave to amend be GRANTED with respect to the proposed joinder of RCI Dining as a defendant.

### B. RCI Hospitality Has Not Established Futility

RCI Hospitality contends an amendment allowing Plaintiffs to assert claims for punitive damages against any of the proposed Rick's Cabaret Defendants would be futile because the Dram Shop Act does not recognize punitive damages. Resp. [Dkt. #44] at 4—5. Plaintiffs, however, contend their proposed punitive damages claim is not based on Dram Shop liability, but on their independent common law claim for gross negligence. Reply at 2. Further, because the punitive damages claim is based on the same underlying factual allegations as Plaintiffs' original damages claims, Plaintiffs contend their amendment does not cause Defendants undue surprise or prejudice. *Id.*

6

The District Court has already adopted this court's finding that Plaintiffs' Second Amended Complaint "sufficiently states a separate negligent undertaking claim against RCI that is not preempted by the Texas Dram Shop Act." Order of March 18, 2015 [Dkt. #37] at 2. Plaintiffs now claim their expert report suggests the Rick's Cabaret Defendants were not merely negligent, but grossly negligent in their conduct towards Sullivan, independent of the duties and safe harbors imposed by the Dram Shop Act. Mot. Leave to Amend. [Dkt. # 41] at 2.

RCI Hospitality contends the expert on whom Plaintiffs rely for their punitive damages claim has opined only on liability under the Dram Shop Act. Resp. [Dkt. # 44] at 5. This is an argument concerning the weight or admissibility of the expert's testimony and does not establish the futility of a claim for gross negligence and exemplary damages arising out of Plaintiffs' separate negligent undertaking claim. *See Jamieson*, 772 F.2d at 1208 ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

RCI Hospitality has not established the futility of an amendment seeking punitive damages for gross negligence with regard to the negligent undertaking claim. *Id.* Therefore, the undersigned RECOMMENDS leave to amend be GRANTED with respect to the proposed claim for punitive damages against RCI Hospitality and RCI Dining.

**IV. RECOMMENDATIONS**

For the reasons stated with particularity above, the undersigned RECOMMENDS Plaintiffs' Motion for Leave to File Plaintiff's Third Amended Complaint filed June 4, 2015 [Dkt. #41] be GRANTED in its entirety.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 29, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE