IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
2015 DEC 10 AM 11:59

| | |
|---|---|
| ROSEMARY CLAUS SULLIVAN AND AARON BROTHERS, AS INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIAM SLADE SULLIVAN, DECEASED,<br>          PLAINTIFFS,<br><br>V.<br><br>THE CITY OF ROUND ROCK, TEXAS; OFFICERS NATHAN J. ZOSS, KRISTEN A. MAYO, AND AARON P. BALLEW; AND RCI DINING SERVICES (ROUND ROCK), INC., AND RCI HOSPITALITY HOLDINGS, INC. F/K/A RICK'S CABARET INTERNATIONAL, INC., D/B/A RICK'S CABARET,<br>          DEFENDANTS. | CAUSE NO. A-14-CV-349-LY |

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

Before the court are (1) Motion for Summary Judgment on Behalf of Defendants City of Round Rock, Officers N.J. Zoss, K.A. Mayo, and A.P. Ballew filed July 23, 2015 (Doc. #54), Plaintiffs' Response to Defendant Officers Nathan J. Zoss, Kristen A. Mayo, and Aaron P. Ballew and the City of Round Rock's Motion for Summary Judgment filed August 6, 2015 (Doc. #60), Defendant City of Round Rock's Reply in Support of Motion for Summary Judgment filed August 20, 2015 (Doc. #76), Defendant Sgt. Nathan Zoss, Officer Kris Mayo, and Aaron Ballew's Reply in Support of their Motion for Summary Judgment filed August 20, 2015 (Doc. #78), Supplemental Authority in Support of Defendants' Motion for Summary Judgment filed November 12, 2015 (Doc. #114), and Plaintiffs' Response to Supplemental Authority Submitted in Support of

Defendants' Motion for Summary Judgment filed November 19, 2015 (Doc. #118); (2) Defendant RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc.'s Motion for Summary Judgment filed July 24, 2015 (Doc. #55), Plaintiffs' Response to Defendant RCI Hospitality Holdings, Inc.'s Motion for Summary Judgment filed August 7, 2015 (Doc. #61), and Reply in Support of Defendant RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc.'s Motion for Summary Judgment filed August 21, 2015 (Doc. #81); and (3) Defendant RCI Dining Services (Round Rock), Inc.'s Motion for Leave to File Motion for Summary Judgment filed November 6, 2015 (Doc. #113), Plaintiffs' Response to Defendant RCI Dining Services (Round Rock), Inc.'s Motion for Leave to File Motion for Summary Judgment filed November 13, 2015 (Doc. #115), and Round Rock Defendants' Response to Defendant RCI Services (Round Rock), Inc.'s Motion for Leave to File Motion for Summary Judgment filed November 17, 2015 (Doc. #116).

Also before the court are (1) Plaintiffs' Objections to RCI Hospitality Holdings, Inc.'s Summary-Judgment Evidence filed August 7, 2015 (Doc. #61), Defendant RCI Hospitality Holdings, Inc.'s f/k/a Rick's Cabaret International, Inc.'s Response to Plaintiffs' Objections to Summary-Judgment Evidence filed August 21, 2015 (Doc. #79), and Plaintiffs' Reply to Defendant RCI Hospitality Holdings, Inc.'s Response to Plaintiffs' Objections to Defendant's Summary-Judgment Evidence filed August 28, 2015 (Doc. #85); (2) Defendant RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc.'s Objections to Plaintiffs' Summary-Judgment Evidence filed August 21, 2015 (Doc. #80), Plaintiffs' Response to Defendant RCI Hospitality Holdings, Inc.'s Objections to Plaintiffs' Summary-Judgment Evidence filed August 28, 2015 (Doc. #84), and Defendant RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc.'s Reply in Support of its Objections to Plaintiffs' Summary-Judgment Evidence filed September 4, 2015 (Doc. #90); and (3) Defendants

the City of Round Rock and Officers Nathan J. Zoss, Kristen A. Mayo, and Aaron P. Ballew's Objections to Plaintiffs' Summary-Judgment Evidence filed September 1, 2015 (Doc. #86) and Plaintiffs' Response to Defendants' Objections to Plaintiffs' Summary-Judgment Evidence filed September 8, 2015 (Doc. #91). Having reviewed the objections, responses, and replies the court finds that the objections should be overruled. The court is capable of determining the relevance and admissibility of the evidence presented in support of and in response to a motion for summary judgment, and will disregard such evidence not properly before it. Therefore,

**IT IS ORDERED** that Plaintiffs' Objections to RCI Hospitality Holdings, Inc.'s Summary-Judgment Evidence filed August 7, 2015 (Doc. #61) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc.'s Objections to Plaintiffs' Summary-Judgment Evidence filed August 21, 2015 (Doc. #80) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants the City of Round Rock and Officers Nathan J. Zoss, Kristen A. Mayo, and Aaron P. Ballew's Objections to Plaintiffs' Summary-Judgment Evidence filed September 1, 2015 (Doc. #86) are **OVERRULED**.

After considering the summary-judgment motions, responses, replies, supplements, and applicable law, along with the summary-judgment proof presented to the court, the court renders the following memorandum opinion and order.

## FACTUAL BACKGROUND

The following facts are those asserted in Plaintiffs' Third Amended Complaint. On March 20, 2014, employees of Rick's Cabaret North Austin Club ("Rick's") contacted William Slade Sullivan ("Sullivan") to encourage him to come to Rick's to drink alcoholic beverages. Sullivan was

considered by Rick's to be a "VIP" customer because of the considerable sums of money he spent at Rick's, and Sullivan was well known by Rick's management and staff. As a VIP customer, Sullivan was allowed to drink in a special section of Rick's and was given extra attention and service from Rick's management, staff, and employees.

Sullivan arrived at Rick's at approximately 11:33 p.m. on March 20, 2014. When he arrived, Sullivan was promised a ride home by a Rick's employee. Waitress Jaymi March took Sullivan's keys and handed them over to management. Sullivan stayed at Rick's and drank numerous alcoholic beverages until approximately 3:20 a.m. on March 21, 2014. At that time, Jason Cox ("Cox"), the floor manager at Rick's, told Sullivan that Rick's would not provide Sullivan a ride home. Sullivan asked for his keys stating that he would use his truck to charge his cell phone and call a friend to take him to a hotel. Cox returned Sullivan's keys, at which time Sullivan went to his truck.

Rolando Rodriguez, a security guard at Rick's, called 911 and reported that Sullivan insisted on driving himself home, had gotten in his vehicle, and was driving away. At approximately 3:37 a.m. on March 21, 2014, while Sullivan was sitting in his parked vehicle attempting to recharge his cell phone and to phone a friend to come and take him to a hotel across the highway, officers arrived on the scene. The officers pulled their weapons and directed at Sullivan to get out of the car. When Sullivan did not immediately comply with the officer's orders, the officers pulled Sullivan from his vehicle, forcing him to the ground.

Sullivan suffered from a serious and disabling condition in his back, which was well known among all persons who were acquainted with him at Rick's. Sullivan had a handicapped placard hanging from his truck's rear-view mirror. Due to Sullivan's physical limitations and the manner by which the officers pulled him from the truck, Sullivan was unable to break his fall or catch himself

as he landed on the ground. Sullivan sustained injury to his shoulder, seriously aggravating his preexisting condition and resulting in extreme injury to his back and spine. Sullivan was rendered a total quadriplegic. Due to the injuries he received on March 21, 2014, Sullivan was unable to care for himself or conduct his personal business, and subsequently he died on August 18, 2014.

Plaintiffs filed suit against Defendants the City of Round Rock, Texas, ("the City") and Officers Nathan J. Zoss, Kristen A. Mayo, and Aaron P. Ballew, police officers for the City, in their individual capacities pursuant to Sections 1983 and 1988 of Title 42 of the United States Code and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also sued RCI Dining Services (Round Rock), Inc. and its parent company RCI Hospitality Holdings, Inc., formerly known as Rick's Cabaret International, Inc., and at all times d/b/a Rick's Cabaret under both general theories of common law negligence, as well as pursuant to Section 2.02 of the Alcoholic Beverages Code and related sections. Defendants subsequently filed the summary-judgment motions now pending before the court.

## SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56©; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler,* 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 576 (1986)).

5

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000) (internal quotations and citations omitted). Conclusory allegations are not competent summary-judgment proof, and thus are insufficient to defeat a motion for summary judgment. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are also not competent summary-judgment proof. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The nonmovant must go beyond the pleadings and identify specific proof in the record and articulate the precise manner in which that proof supports his claim. *See Wheeler v. B.L. Dev. Corp.*, 415 F.3d 399, 401–02 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324)); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the summary-judgment motion. *Ragas*, 136 F.3d at 458. Doubts will be resolved in favor of the nonmovant, and all justifiable inferences to be drawn from the underlying facts are viewed in the light most favorable to that party. *See Minter v. Great Am. Ins. Co.*, 423 F.3d 460, 465 (5th Cir. 2005); *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999).

## ANALYSIS

### *Defendant RCI Dining Services (Round Rock) Inc.'s Motion for Leave to File Motion for Summary Judgment*

Defendant RCI Dining Services (Round Rock) Inc. ("RCI Dining Services") seeks leave to file its proposed motion for summary judgment, arguing that good cause exists to grant leave because RCI Dining Services was not added as a party until Plaintiffs filed their Third Amended Complaint

on August 17, 2015 (Doc. #71). RCI Dining Services further notes that the dispositive-motion deadline in the parties' March 18, 2015 Scheduling Order (Doc. #38) was July 24, 2015, more than a month before RCI Dining Services was added as a party in Plaintiffs' Third Amended Complaint.

RCI Dining Services filed its Answer on September 21, 2015, but did not seek leave to file its motion for summary judgment until November 6, 2015, a mere months before the January 2016 trial-month setting in the parties Scheduling Order (Doc. #38). Allowing time for Plaintiffs to file their response and RCI Dining Services to file its reply will result in insufficient time for the court to rule on the untimely-filed motion for summary judgment prior to the start of trial. Therefore, the court will deny RCI Dining Services's motion for leave to file its motion for summary judgment.

***RCI Hospitality Holdings, Inc.'s Motion for Summary Judgment***

Defendant RCI Hospitality Holdings, Inc. ("RCI Hospitality Holdings") asserts that as the parent company of RCI Dining Services, it is a separate and distinct legal entity that does not operate or control the Rick's facility at issue and therefore is not a proper defendant in this case. In support of its claim, RCI Hospitality Holdings submits the affidavit of Scott Sherman, General Counsel for RCI Management Services, Inc., which provides administrative services to RCI Hospitality Holdings. The affidavit, however, provides only conclusory statements in support of RCI Hospitality Holdings' claim. "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992); *see also Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994). The court cautions, however, that Plaintiffs will be required to present specific evidence of any liability on the part of RCI Hospitality Holdings in the event that RCI Hospitality Holdings moves for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure at trial.

RCI Hospitality Holdings further asserts that Plaintiffs' claims fail as a matter of law because Plaintiffs have presented no evidence that the employees or agents of Rick's undertook a duty to transport Sullivan back to his home, that Rick's continued to serve Sullivan after he was obviously intoxicated, or that Sullivan's intoxication was a proximate cause of his injuries. Finally, RCI Hospitality Holdings argues that because Plaintiffs allege that Sullivan's injuries resulted from the police officer's use of excessive force, which constitutes an unforeseen, superseding cause of harm to Sullivan, RCI Hospitality Holdings is relieved of liability as a matter of law.

Having considered the arguments and evidence presented by the parties, the court finds that a genuine issue of material fact exists regarding whether Rick's employees or agents' affirmative acts created a duty of reasonable care and whether it was breached; whether the officer's actions constituted an intervening, superseding cause of harm; whether Sullivan continued to be served after he was obviously intoxicated; and whether exemplary damages for gross negligence are warranted. At the summary judgment stage, the court must "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). Therefore, the court will deny RCI Hospitality Holdings' motion for summary judgment.

### Defendants the City and Officers' Motion for Summary Judgment

The City moves for summary judgment on four grounds: (1) there is no evidence a City policy caused Sullivan's injuries; (2) there is no evidence that the City acted with "deliberate indifference"; (3) the failure-to-train claim should be dismissed because the City meets the minimum training standards; and (4) the failure-to-supervise claim should be dismissed because there is no evidence of a pattern of similar violations. The individual officers move for summary judgment on two grounds:

(1) qualified immunity and (2) that the American Disabilities Act ("ADA") does not apply to this case.

*The City's Liability*

A municipality may be sued under Section 1983 if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated its officers. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010). "To establish municipal liability under Section 1983, a plaintiff must prove three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Id.*

A failure to train municipal employees constitutes an actionable policy, if "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 389–90 (1989).

Although deliberate indifference is a stringent standard, a municipality may be liable under the "single incident" exception. *See Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). To prevail under this exception, "a plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." *Brown v. Bryan County*, 219 F.3d 450, 458 (2000).

The court finds that material facts exist that may or may not be proved to a trier of fact at trial. Considering the summary-judgment proof in the light most favorable to Plaintiffs, a reasonable trier of fact could conclude that the inadequacy of the officer's training was a policy choice, and that the officers would have used their technique differently if they had the proper training. Therefore, summary-judgment will be denied.

*The Officers' Qualified Immunity*

Whether a defendant is entitled to maintain qualified immunity from a plaintiff's Section 1983 claim is dependent upon whether (1) the plaintiff has alleged a violation of a clearly established constitutional right; and (2) whether the behavior of the state actor was objectively reasonable under the circumstances. *See King v. Chide*, 974 F.2d 653, 657 (5th Cir. 1992). First, the court must determine whether the plaintiff's allegations have stated a violation of a constitutional right. *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 736 (2002)). Second, if a constitutional violation alleged is found to have occurred, the court must then determine whether the defendant's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739.

It is clearly established law in this circuit that in order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir.1993) (internal quotations omitted). In gauging the objective reasonableness of the force used by a law enforcement officer, we must balance the amount of force used against the need for that force. *Id.*

There can be no dispute that Sullivan's injuries and subsequent death resulting from the officers' actions satisfies the first element of Plaintiffs' excessive-force claim. Thus, the court turns to the second and third elements–whether the injuries resulted from the use of force that was clearly excessive and whether that force was objectively unreasonable. *See Graham*, 490 U.S. 386, 396 (1989). The relevant immunity issue is whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 204 (2001). In any Section 1983 case alleging a police officer's use of excessive or lethal force, the objective reasonableness of the force used is a separate question from the immunity question–whether no reasonable officer could have believed that he was using excessive force. *See Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997). In reviewing the summary-judgment evidence, the court must consider the materiality, not the genuineness, of fact issues pertinent to immunity. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995). The issue is not simply what the officers' perceived, but whether a "reasonable" police officer confronted with the same circumstances would have acted in the same manner.

Applying these elements, the court finds that material facts exist that may or may not be proved to a trier of fact at trial. Considering the summary-judgment proof in the light most favorable to Plaintiffs, a reasonable trier of fact could believe that the officers' actions were not objectively reasonable. Depending on that factual determination, which can be made only after a consideration of the witnesses' demeanor and credibility after both direct and cross examination, a reasonable fact finder could then find that the force used by the officers was excessive. Based on the summary-judgment record, the court cannot say at this stage of the proceedings that the officers' actions were

objectively reasonable as a matter of law. The court will rule on the issue of qualified immunity when the record is fully developed through trial.

*Liability under the ADA*

Defendants assert that the exception in *Hainze v. Richards* applies, in which the Fifth Circuit holds that "Title II does not apply to an officer's on-the-street responses . . . prior to the officer's securing the scene and ensuring that there is no threat to human life." 207 F.3d 795, 801 (5th Cir. 2000). In this case, however, the court finds that Plaintiffs have presented sufficient evidence to raise a factual issue as to whether Sullivan's actions could reasonably be interpreted to present any threat, let alone a "threat to human life," or whether there was any need for the officers to "secur[e] the scene." *Id*. Thus, the court cannot conclude that this case falls under the exception established in *Hainze v. Richards*. Therefore, the court finds that Plaintiffs have raised factual issues that preclude summary-judgment in this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Motion for Summary Judgment on Behalf of Defendants City of Round Rock, Officers N.J. Zoss, K.A. Mayo, and A.P. Ballew filed July 23, 2015 (Doc. #54) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc.'s Motion for Summary Judgment filed July 24, 2015 (Doc. #55) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant RCI Dining Services (Round Rock), Inc.'s Motion for Leave to File Motion for Summary Judgment filed November 6, 2015 (Doc. #113) is **DENIED**.

SIGNED this 10th day of December, 2015.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE