UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSEMARY SULLIVAN; and <br> AARON BROTHERS, AS INDEPENDENT EXECUTOR <br> OF THE ESTATE OF WILLIAM SLADE SULLIVAN, <br> DECEASED <br>     *Plaintiffs* <br> v. <br> THE CITY OF ROUND ROCK, TEXAS; <br> OFFICERS NATHAN J. ZOSS, KRISTEN A. MAYO, <br> and AARON P. BALLEW; and <br> RCI DINING SERVICES (ROUND ROCK), INC., and <br> RCI HOSPITALITY HOLDINGS, INC. <br> f/k/a RICK'S CABARET INTERNATIONAL, INC., <br> d/b/a RICK'S CABARET <br>     *Defendants* | CIVIL ACTION NO. 1:14-CV-00349-LY <br><br> JURY DEMANDED |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS RCI HOSPITALITY HOLDINGS, INC. AND RCI DINING SERVICES (ROUND ROCK), INC.'S MOTIONS IN LIMINE

Plaintiffs Rosemary Sullivan and Aaron Brothers, in his capacity as Independent Executor of the Estate of William Slade Sullivan (collectively, "Plaintiffs") submit this response in opposition to the Motions in Limine filed by Defendants RCI Hospitality Holdings, Inc. and RCI Dining Services (Round Rock), Inc. (collectively, "RCI Defendants").

### ARGUMENTS AND AUTHORITIES

**1. Accidents or Incidents at Rick's Cabaret North Austin**

Evidence of prior accidents or incidents at Rick's Cabaret North Austin is relevant and would not pose a risk of unfair prejudice toward the RCI Defendants. FED. R. EVID. 401, 402, 403. Plaintiffs have alleged claims of provider liability under the Texas Dram Shop Act against the RCI Defendants, who have asserted the "safe harbor" affirmative defense to such liability.

TEX. ALCO BEV. CODE §§ 2.02, 106.14.  Assuming for the sake of argument that the RCI Defendants could meet their burden of proof on the first two elements of that affirmative defense, Plaintiffs will be required to show that the RCI Defendants "directly or indirectly encouraged" violations of the Texas Alcoholic Beverage Code by its employees.  *See 20801, Inc. v. Parker*, 249 S.W.3d 392, 397 (Tex. 2008); TEX. ALCO. BEV. CODE § 106.14.  "Direct or indirect encouragement" may consist of "the provider's behavior over time, rather than any one specific act or omission."  *Id.* at 398 n.10.  Evidence of prior violations of the Texas Alcoholic Beverage Code is not only relevant to the issue of whether the RCI Defendants' behavior over time constitutes direct or indirect encouragement, but is also admissible as routine practice evidence under FRE 406 as evidence of the "organization's routine practice" of violating provisions of the Texas Alcoholic Beverage Code.  FED. R. EVID. 406.

None of the evidence of other incidents or accidents at Rick's Cabaret North Austin that would be used by Plaintiffs constitutes inadmissible hearsay.  Evidence such as administrative records of TABC complaints filed against Rick's Cabaret North Austin would not constitute inadmissible hearsay, as they fall within the public records exception of FRE 803(8) as a record of a public office that sets out "a matter observed while under a legal duty to report".  FED. R. EVID. 803(8).  Furthermore, any testimony by witnesses who personally observed such incidents or accidents would not be hearsay.  FED. R. EVID. 801.

Evidence of prior incidents or accidents at Rick's Cabaret is relevant to material legal issues in this case, is not unfairly prejudicial, and would be presented in a form that is admissible at trial.  FED. R. EVID. 401, 402, 403.  Accordingly, the RCI Defendants' Motions in Limine should be denied on this point.

### 2. Testimony Regarding Police Being Called to Rick's Cabaret North Austin

Evidence of previous instances of law enforcement officers being called to the Rick's Cabaret North Austin should not be excluded. Such evidence is relevant to issues material to this suit, including the issue of whether the RCI Defendants "directly or indirectly encouraged" violations of the Texas Alcoholic Beverage Code. Because direct or indirect encouragement can be proven by evidence of may consist of "the provider's behavior over time, rather than any one specific act or omission," evidence of prior instances where law enforcement officers were required to come to Rick's Cabaret to handle violations of the Texas Alcoholic Beverage Code are admissible to show such behavior over time. *See id.* at 398 n.10; FED. R. EVID. 406. Furthermore, such evidence would be substantially more probative than it would be prejudicial, and accordingly it should not be excluded. FED. R. EVID. 401, 402, 403.

### 3. Allegedly "Inflammatory" References to the RCI Defendants

The RCI Defendants seek to exclude any "inflammatory" or similarly derogatory statements about the nature of their business or their relationship with their customers. While Plaintiffs have no intention of making disparaging or prejudicial statements about the RCI Defendants' business, Plaintiffs may be required to reference the ability of the RCI Defendants to comply with safety guidelines, to meet the requisite standard of care toward their customers, and their ability to manage the behavior of their employees, as these facts are all relevant to the issues of the RCI Defendants' negligence and their liability under the Texas Dram Shop Act. Furthermore, Plaintiffs should be permitted to reference policies of the RCI Defendants related to the sale of alcohol, as those policies are relevant to the RCI Defendants' ability to claim the "safe harbor" affirmative defense to their liability under the Texas Dram Shop Act. Such evidence would be significantly more probative than potentially prejudicial, and accordingly should be

admitted into evidence. FED. R. EVID. 401, 402, 403.

### 4. Testimony Regarding William Slade Sullivan's History at Rick's Cabaret North Austin

The RCI Defendants also seek to exclude any testimony or references to William Slade Sullivan's history of visiting the Rick's Cabaret North Austin. The RCI Defendants' conclusory statements that this evidence is irrelevant, unfairly prejudicial, and confusing to the jury unsurprisingly fail to provide any explanation of how this evidence poses any of those risks, because none of those risks are presented. Evidence regarding William Slade Sullivan's history, at the Rick's Cabaret North Austin, including any evidence of instances where William Slade Sullivan was overserved by employees of the RCI Defendants, is relevant to the existence of a duty owed by Rick's to Sullivan, to the issue of whether Sullivan was obviously intoxicated when he was served by the RCI Defendants, and to the issue of whether the RCI Defendants have directly or indirectly encouraged their employees to violate provisions of the Texas Alcoholic Beverage Code. *See Pena v. Neal, Inc.* 901 S.W.2d 663, 671-72 (Tex. App.—San Antonio 1995), *writ denied* (Sept. 14, 1995) (admitting evidence of prior sales of alcoholic beverages by the defendant provider to the deceased as probative of whether the decedent was obviously intoxicated when she was served by the defendant); FED. R. EVID. 406. The probative value of any such evidence would greatly outweigh any possible risk of unfair prejudice it might present, and therefore it should not be excluded. FED. R. EVID. 401, 402, 403.

### 5. Testimony Regarding William Slade Sullivan as a "VIP" Customer

In addition to seeking the exclusion of evidence of Sullivan's history at Rick's Cabaret, the RCI Defendants seek to exclude any evidence of Sullivan's status as a "VIP" customer of Rick's Cabaret, or any reference to prior offers to give Sullivan a ride home from Rick's Cabaret.

This evidence should be admitted, as it is relevant to the issues of whether the RCI Defendants had created a duty to Sullivan through an established pattern of practice and to the issue of whether the RCI Defendants directly or indirectly encouraged the violation of the Texas Alcoholic Beverage Code by its employees. The RCI Defendants simply state in conclusory fashion that such evidence would be "extremely prejudicial" without providing any explanation of how prejudice would result from its admission. The evidence of Sullivan's status as a "VIP" of Rick's Cabaret is significantly more probative than prejudicial, and therefore should not be excluded. FED. R. EVID. 401, 402, 403.

### 6. Testimony Regarding the Amount of William Slade Sullivan's Bar Tab on March 20-21, 2014

The RCI Defendants next seek to exclude evidence of William Slade Sullivan's bar tab on the night of the incident, arguing the amount of the tab he owed at the Defendants' establishment is somehow irrelevant and prejudicial to the issue of whether he was overserved by employees of that establishment. In arguing for the exclusion of this evidence, the RCI Defendants state that "Mr. Sullivan did not consume any of the alcohol that was on a bar tab that Ms. March ultimately paid." While there is testimony supporting their statement that Ms. March ultimately paid the tab, the allegation that Mr. Sullivan did not consume any of the alcohol on that tab is flatly contradicted by the evidence in this case, including testimony from Ms. March. Furthermore, evidence of Mr. Sullivan's bar tab is clearly relevant to issue of whether Mr. Sullivan was obviously intoxicated at the time he was served alcohol by employees of the RCI Defendants. Evidence of Sullivan's bar tab is substantially more probative of material legal issues in this case than it is potentially prejudicial, and therefore it should not be excluded. FED. R. EVID. 401, 402, 403.

### 7. References to Rolando Rodriguez as an Employee of the RCI Defendants

The RCI Defendants also seek to exclude any references or evidence showing that Rolando Rodriguez was an employee of the RCI Defendants or that he acted on behalf of the RCI Defendants on the night of the incident. This evidence should not be wholly excluded because evidence showing that Rolando Rodriguez was acting under the direction of the RCI Defendants at the time he called the police is relevant to the issue of whether the RCI Defendants breached their duty to Sullivan on the night of the incident. The RCI Defendants have failed to demonstrate how this evidence could be misconstrued by the jury or how it could cause unfair prejudice. Indeed, the probative value of this evidence outweighs any possible risk of unfair prejudice, and accordingly it should be deemed admissible. FED. R. EVID. 401, 402, 403.

### 8. Testimony of Witnesses Regarding Conscious Pain and Suffering

Any testimony or evidence regarding the conscious pain and suffering experienced by Sullivan as well as his ability to feel pain after the incident is both relevant and admissible in this case. The degree Sullivan's conscious pain and suffering is relevant to the issue of damages, while the cause of that pain and suffering is relevant to the issues of causation and damages. Such evidence would come in the form of testimony by Plaintiffs' experts, who are well-qualified, and testimony by laypersons who have personal knowledge of Sullivan's pain and suffering through their observations of him during his time in the hospital following the incident. FED. R. EVID. 701, 702. The expert opinions regarding Sullivan's injuries (1) are offered by well-qualified experts with specialized knowledge who will assist the trier of fact in determining an accurate amount of damages and deciding the issue of causation, (2) are based on sufficient supporting facts and data, (3) are the product of reliable methodologies, which (4) have been

reliably applied to the facts of this case.  FED. R. EVID. 702.  Federal courts have often admitted expert testimony on conscious pain and suffering in cases involving personal injuries.  Accordingly, this evidence should not be excluded.  FED. R. EVID. 401, 402, 403.

### 9.  Lay Witness Testimony Regarding Blood Alcohol Content

Finally, the RCI Defendants seek to exclude evidence of any lay witnesses' conclusions regarding Sullivan's blood alcohol content ("BAC") or opinions on Sullivan's level of intoxication or the behavior he would exhibiting at that level of intoxication.  This evidence should not be excluded, because it is relevant to the issue of whether Sullivan was obviously intoxicated at the time he was served alcohol by the RCI Defendants and because any such testimony would be based on the personal knowledge and observations of the witness.  Furthermore, both Federal and Texas courts have held that lay witnesses are qualified to give opinions on an individual's level of intoxication and signs of such intoxication.  *See, e.g.*, *Beats v. State*, 2000 WL 921684 (Tex. App. 2000) ("A lay witness, including a police officer, may express an opinion about a person's intoxication."); *United States v. Horn*, 185 F. Supp. 2d 530, 560 (D. Md. 2002).  This evidence is relevant and its probative value will substantially outweigh any risk of prejudice its admission may present, and therefore it should not be excluded.  FED. R. EVID. 401, 402, 403.

### CONCLUSION

For the foregoing reasons, Plaintiffs request that Defendants RCI Hospitality Holdings, Inc. and RCI Dining Services (Round Rock), Inc.'s Motions in Limine be denied in their entirety, and for any such and further relief to which they may be justly entitled.

Respectfully Submitted,

COUNSEL FOR PLAINTIFFS

By: *Broadus A. Spivey*

| | |
|---|---|
| Joseph Turner | Broadus A. Spivey |
|   State Bar No. 20322500 |   State Bar No. 00000076 |
| ATTORNEY AT LAW | LAW OFFICES OF BROADUS A. SPIVEY |
| 1504 West Avenue | 3303 Northland Dr., Suite 205 |
| Austin, Texas 78701 | Austin, Texas 78731 |
| o: 512-474-4892  f: 512-474-8252 | o: 512-474-6061  f: 512-474-1605 |
| joeturnerpc@gmail.com | bas@spivey-law.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2015, the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys of record:

| *Attorneys for Defendants City and Officers:* | *Attorneys for Defendant RCI:* |
|---|---|
| Archie Carl Pierce<br>Mike Thompson, Jr.<br>WRIGHT & GREENHILL, P.C.<br>900 Congress Ave., Ste. 500<br>Austin, Texas 78701<br>o: 512-476-4600   f: 512-476-5382 | Darrell L. Barger<br>HARTLINE DACUS BARGER DRYER, L.L.P.<br>1980 Post Oak Blvd., Suite 1800<br>Houston, TX 77056<br>o: 713-951-4250   f: 713-652-2419 |
| | Brian S. Rawson<br>Larry D. Grayson<br>Roy B. McKay<br>HARTLINE DACUS BARGER DREYER, L.L.P.<br>8750 N. Central Expressway, Suite 1600<br>Dallas, TX 75231<br>o: 214-369-2100   f: 214-369-2118 |

*Broadus A. Spivey*
Broadus A. Spivey