## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ROSEMARY CLAUS SULLIVAN et al.,** | § | |
| | § | |
| **V.** | § | **A-14-CV-349-AWA** |
| | § | |
| **THE CITY OF ROUND ROCK, et al.** | § | |

## ORDER

Before the Court is RCI Dining Services (Round Rock), Inc.'s Motion for Leave to Designate Responsible Third Parties (Dkt. No. 236); Round Rock's Response (Dkt. No. 239); Plaintiffs' Response (Dkt. No. 240); and RCI Dining's Replies (Dkt. Nos. 241 & 242). Defendant RCI Dining requests "that the [City of Round Rock] Officers be designated as responsible third parties, so the jury in this manner can consider their comparative responsibilities in relation to RCI Dining, the City of Round Rock, and William Slade Sullivan." Dkt. No. 236 at 3.

### I. Background

#### A.     Facts

In March 2014, William Slade Sullivan became intoxicated at Rick's Cabaret, operated by RCI Dining. He asserts he had been promised a ride home by Rick's employees, who had encouraged him to visit the bar. He was a had given management his car keys, as he was a frequent customer, and Rick's staff would often provide him transportation if he was unable to drive. On the evening in question, at closing time management informed Sullivan they would not be able to drive him home, and Sullivan told Rick's employees he was going to his truck to charge his phone and call a friend to pick him up, which he did. While Sullivan sat in his car with the engine running, charging his phone, the bar's security guard called the police and said Sullivan was attempting to drive home drunk. When Round Rock Police officers responded, they asked Sullivan to step out of the car, but

he failed to comply, effectively ignoring the officers.  The officers had parked their vehicles in front and back of Sullivan's. Sullivan was 5'10" and weighed 350 pounds, had a pre-existing, serious and disabling bone condition and had a handicap parking pass hanging from his rearview mirror. Nevertheless, after only two minutes of attempting to persuade Sullivan to come out of the truck voluntarily, the officers decided to pull Sullivan from the elevated pickup.  Sullivan's blood alcohol level was about three times the legal limit for operating a motor vehicle in Texas, and he was visibly intoxicated. When the officers pulled him from his elevated pickup, they were holding both of his arms, so he could not break his fall. Sullivan fell from the truck several feet to the ground, suffering serious injuries that rendered him paralyzed.  As a result of those injuries, he was immediately hospitalized.  He died several months later, having never left the hospital.

## B.    Procedural History

The Plaintiffs, who are the decedent's mother and the executor of his estate, sued the City of Round Rock and the responding officers pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth and Fourteenth Amendments. The Plaintiffs sued RCI Dining Services (Round Rock), Inc. and its parent company RCI Hospitality Holdings, Inc., formerly known as Rick's Cabaret International, for negligence, and pursuant to § 2.02 of the Texas Alcoholic Beverages Code (the Dram Shop Act). Plaintiffs also allege that Round Rock and the officers were negligent and grossly negligent in causing Mr. Sullivan's injuries and subsequent death.

Judge Yeakel denied the City and officers' motion for summary judgment, finding fact questions remained on qualified immunity. The parties then consented to trial before a magistrate judge and the case was transferred to the undersigned.  The Fifth Circuit eventually stayed the case pending the officers' appeal, and then reversed the denial of summary judgment.  Relying on the

dashboard and police videos, the circuit held that the officers used objectively reasonable force in pulling Sullivan from his truck and thus were entitled to qualified immunity from the suit. *Brothers v. Zoss*, 837 F.3d 513, 520 (5th Cir. 2016). The case was then remanded back to this court, and proceedings were abated while the Plaintiffs' cert. petition was pending. Upon the denial of cert, the say was lifted and the case has proceeded. In the motion before the Court, RCI Dining requests leave to designate the officers as responsible third parties in order to allow the jury to consider their contributions to the Plaintiffs' injury and harm when assigning liability among the parties.

## II. Standard of Review

Chapter 33 of the Texas Civil Practice and Remedies Code, also known as the Texas Proportionate Liability Act, allows a party to be joined as a responsible third party "in order to promote the equitable allocation of fault." *North Cypress Medical Center*, 2013 WL 1736764, at *1. *See also Streber v. Hunter*, 221 F.3d 701, 725 (5th Cir. 2000) (holding that jury was properly asked to allocate responsibility under the Texas proportionate liability scheme). A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE § 33.011(6). Under Chapter 33, the fact finder determines the percentage of responsibility of each claimant, defendant, settling person and responsible third party "as to each cause of action asserted," so a party need not be responsible for all causes of action included in the lawsuit. *See id.* at § 33.003(a). Chapter 33 only applies to claims based in tort. *Id.* at § 33.002(a). Chapter 33 "applies to all torts governed by Texas law, including those tried in federal courts." *Nunez v. City of Corpus Christi*, 2013 WL 164045, at *1 (S.D. Tex. Jan. 14, 2013). A district court

has discretion over whether to grant leave to designate a responsible third party. *The Cadle Co. v. Keyser*, No. 5:15-CV-217-RP, 2015 WL 12866217, at *1 (W.D. Tex. May 13, 2015).

Under § 33.004(a), "a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate. . . ." TEX. CIV. PRAC. & REM. CODE § 33.004(d).  The standard for designating a potentially responsible third party is notice pleading under the Texas Rules of Civil Procedure. *See North Cypress Medical Center Operating Co. v. Gallagher Benefit Services, Inc.,* 2013 WL 1736764 (S.D. Tex. Apr. 22, 2013). Under Rule 47 of the Texas Rules, a pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).  Texas follows a notice pleading standard, "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial."  *Int'l. Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 201 n.17 (5th Cir. 2016).

The Texas Supreme Court stated, "A defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both.  Chapter 33 then is apparently unconcerned with the substantive defenses of responsible third parties." *Galbraith Engineering Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868–69 (Tex. 2009).  In a footnote, the Court quoted a commentator's description that the "thrust of the 2003 statute is that the jury should allocate responsibility among all persons who are responsible for the claimant's injury, regardless of whether they are subject to the court's jurisdiction or whether there is some other impediment to the imposition of liability on them, *such as a statutory immunity*." *Id.* at 869 n.6 (emphasis added).  The Fifth Circuit and Texas district and appeals courts have said that parties with immunity can still be designated as responsible third parties. "Even parties 'who are not

subject to the court's jurisdiction or who are immune from liability to the claimant' can be designated responsible third parties under [Chapter 33]." *Fisher v. Halliburton*, 667 F.3d 602, 622 (5th Cir. 2012) (quoting *In re Unitec Elevator Services Co.*, 178 S.W.3d 53, 58 n.5 (Tex. App.–Houston [1st Dist.] 2005, no pet.)).

### III.  Analysis

The Plaintiffs oppose the third party designation because they argue that the Federal Rules of Civil Procedure govern this case, rather than Chapter 33, so the officers cannot be designated as responsible third parties. Plaintiffs also argue that the designation of unnamed, unrepresented and non-participating third parties is unconstitutional and could affect their ability to recover damages. Round Rock opposes the third party designation on the grounds that there is insufficient evidence to establish that any of the officers are responsible for the claimants' injury or damage.

**A.      The Plaintiffs' arguments against third party designation**

Plaintiffs argue that their case is governed by the Federal Rules of Civil Procedure, not Chapter 33, and that as such, the officers cannot be designated responsible third parties. However, federal district courts in Texas have held that Chapter 33 does not conflict with the Federal Rules of Civil Procedure. *See Armstrong v. Nat'l Shipping Co. of Saudi Arabia, et al.*, 2017 WL 2156358 ( S.D. Tex. May 17,  2017); *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014); *Muniz v. Stanley*, 2007 WL 1100466, at *2 (S.D. Tex. April 11, 2007).   In granting a defendant's motion to designate another defendant as a responsible third party under Chapter 33, a judge in the Northern District of Texas said, "In federal question cases, like diversity cases, the court will continue to apply § 33.004 'until persuaded that the statute does not apply.'" *Davis v. Dallas Cty*, 2007 WL 2301585, at *2 (N.D. Tex. Aug. 10, 2007). A judge in the Southern District of Texas

5

said, "This Court may apply Texas Civil Practice & Remedies Code § 33.004 in this case, even though it is technically a state procedural statute." *Becker v. Wabash Nat'l Corp.*, 2007 WL 2220961, at *2 n.2 (S.D. Tex. July 31, 2007). The Court finds it is proper to apply Chapter 33 to the tort claims in this case.

Plaintiffs next argue that the Texas Proportionate Liability Act is unconstitutional because Plaintiffs cannot join the three officers as parties to the suit as they have already been afforded qualified immunity. Plaintiffs assert that the statute's disallowance of joinder violates their due process and equal protection rights under the United States Constitution. Plaintiffs rely on two cases in support of this claim, *Plumb v. Fourth Jud. Dist.*, 279 Mont. 363, 927 P.2d 1011, 1019–21 (1996) and *Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1083-89 (Ill. 1997). In *Plumb* the court found it unconstitutional to allow a jury to apportion fault to non-parties where those parties have no means of joining the lawsuit. According to the court, the non-parties' due process rights are violated if they cannot present their side of the case. *Best* involved an Illinois statute containing a provision stating that a tortfeasor must receive a credit against liability to the plaintiff in an amount equal to the amount of contribution, if any, for which the employer is found to be liable to that tortfeasor, even if the amount exceeds the employer's liability under the state's workers' compensation act or workers' occupational diseases act. The court struck the provision as unconstitutional. Each of these cases involved a situation where a non-party was somehow bound by the statute when the non-party was not present in the case. Chapter 33 in no way binds non-parties. EX. CIV. PRAC. & REM. CODE ANN. § See 33.004(i).

Plaintiffs argue that their ability to recover will be jeopardized because of "the potential this procedure affords for disproportionate assignment of liability to an unnamed, unrepresented, and

non-participating third person." Dkt. No. 240 at 6. The greater the degree of fault that is assigned to such unnamed non-parties, the Plaintiffs argue, the less opportunity they have to recover damages. Additionally they argue that the Plaintiffs' attorney would be forced to defend these unrepresented responsible third parties, and, "This event would result in a conflict for the plaintiff's attorney or a higher than realistic percentage of fault being placed on the responsible third parties." Dkt. No. 240 at 6. Again, however, Plaintiffs fail to cite to binding authority to support this claim, and as noted, the cases they do cite were concerned with the constitutional rights of the non-parties and not the plaintiffs in that litigation. These arguments are without merit.

**B.     Round Rock's argument against third party designation**

Round Rock objects to the designation of the officers as responsible third parties on the ground that there is no "legally competent evidence" that the officers are "responsible for any portion of the claimant's alleged injury or damage." Dkt. No. 239 at 2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(l)). The City argues that because the Fifth Circuit found that the officers did not violate the decedent's constitutional rights under the Fourth Amendment, the officers cannot be held legally responsible for Plaintiffs' civil damages.

However, in its opinion, the Fifth Circuit stated that Plaintiffs demonstrated that Sullivan's injuries and subsequent death resulted "directly and only from the use of force" by the officers, establishing both the injury and causation elements of the excessive force test. *Brothers*, 837 F.3d at 518. The court held that the officers did not use excessive force because the Plaintiffs failed to prove that the force used was "not objectively reasonable," which is the third element of the excessive force test. *Id*. The responsible third party analysis only considers whether the party caused harm, or contributed, to a plaintiff's injury. Importantly, previous involvement and dismissal from

7

a lawsuit is not a restriction on responsible third party designation. In a case where a Texas court dismissed a defendant as a party to an action after determining that the claim against the defendant was time-barred, the plaintiff later successfully "brought [the defendant] back into [the] suit" by compelling the second defendant to designate the first as a responsible third party. *Whiteside v. United States*, 2013 WL 2355522, at *2 (E.D. Tex. May 28, 2013).

**IV. Conclusion**

For the reasons set forth above, Defendant RCI Dining's  Motion for Leave to Designate Responsible Third Parties (Dkt. No. 236) is **GRANTED** and it is **ORDERED** that Officers Nathan J. Zoss, Kristen A. Mayo, and Aaron P. Ballew are hereby designated as Responsible Third Parties, in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

SIGNED this 14th day of July, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE