# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROSEMARY CLAUS SULLIVAN, et al. | § | |
| | § | |
| V. | § | A-14-CV-349-AWA |
| | § | |
| THE CITY OF ROUND ROCK, et al. | § | |

## ORDER

Before the Court is Defendant City of Round Rock's Motion to Dismiss Plaintiffs' Fourth Amended Complaint and Brief in Support (Dkt. No. 245), its earlier-filed Motion to Reconsider the Court's Order Denying Summary Judgment on Municipal Liability Claim and ADA Claim or Alternatively Second Motion for Summary Judgment (Dkt. No. 217), as well as the parties' supplements, responses and replies. Dkt. Nos. 248, 249, 250, 252 and 255.

Despite the number of documents filed, the issues presented here are few: (1) Is the Plaintiffs' claim precluded by *Hainze v. Richards*, combined with the Fifth Circuit's interlocutory decision finding that the RRPD officers are immune from liability; (2) do Plaintiffs still have a § 1983 claim against the City under *Monell*; and (3) can the Plaintiffs pursue their ADA under § 1983?

**1. The ADA Claim**

Round Rock's first argument is easily dispatched. It has already been rejected twice, by two separate judges. The City first raised the argument in its motion for summary judgment filed on July 23, 2015. Dkt. No. 54. Judge Yeakel described the issue raised by the City as the claim that because "the exception in *Hainze v. Richards* applies," the officer's actions were not reviewable under Title II. Dkt. No. 143 at 12. Finding that there were fact questions surrounding whether Sullivan posed a threat or whether there was any need for officers to "secure the scene," he denied summary

judgment on the claim. *Id.* Round Rock next raised the argument one week after the Fifth Circuit's interlocutory decision, in a motion seeking reconsideration of the ADA ruling. There, Round Rock asserted that the Fifth Circuit had made findings that effectively overruled Judge Yeakel's decision that fact questions remained regarding the need to secure the scene at the time of Sullivan's arrest. But the case was stayed days later, and remained so until April 13, 2017, when the Supreme Court denied certiorari on the qualified immunity question. At a status conference that day, Plaintiffs asked for leave to clarify their ADA claim, and the Court directed Plaintiffs to file a motion on that issue. In its opposition to the Plaintiffs' motion, the City again argued that the Circuit's interlocutory order on the qualified immunity issue implicitly overruled Judge Yeakel's ADA summary judgment ruling. In deciding that issue, the undersigned wrote:

> However, the Fifth Circuit's opinion related to the "reasonableness" of the officers' action in determining whether Plaintiffs could make out an excessive force claim under the Fourth Amendment. More to the point, the Fifth Circuit explicitly stated in the footnote discussed earlier that is was not ruling on Judge Yeakel's order denying summary judgment on the ADA claim. It would be odd indeed that a claim the circuit explicitly stated was not before it, that it was not addressing, and that could be raised by the City of Round Rock on appeal after judgment, was nonetheless implicitly barred by the circuit's opinion. In fact, the City of Round Rock has things exactly backward: the law of the case is that Judge Yeakel denied summary judgment on the ADA claims against the City, and the Fifth Circuit did not review that decision. This means the ADA claim is ready for a jury trial.

Dkt. No. 243 at 7-8.

Apparently concerned that the issue had not yet been sufficiently rejected, or of the (mistaken) belief that it had not adequately preserved the issue for appeal, Round Rock raises the argument *yet again* in its recent motion seeking dismissal of the ADA claim. The Court will not repeat itself. For the reasons already articulated in the orders discussed above, Round Rock's contention that the ADA claim is precluded by the Fifth Circuit's decision is **DENIED**.

2

## 2. Municipal Liability under *Monell*

The second issue raised here is whether there can be any municipal liability claim against Round Rock under *Monell,* given that the claims against the individual officers have been dismissed. First, it is not even clear that Plaintiffs are persisting in a claim based on *Monell*. The Fourth Amended Complaint contains three counts that it titles "§ 1983 Claims," "Negligence and Causation," and "Claim Pursuant to Alcoholic Beverages Code §2.02 and the Common Law of Texas." Only the first claim is filed against the City. Notwithstanding its title, this is the claim that the Court has construed to be brought pursuant to Title II of the ADA. This is a statutory claim, brought pursuant to the authority granted by the statute to file civil suits, *see* 42 U.S.C.§ 12133. The statute only imposes liability on "entities," not individuals. It is therefore not a claim pursued under § 1983, and because it specifically imposes liability on an entity, there is no reason to apply the *Monell* doctrine to determine if a municipality like Round Rock may be held liable for the actions of its employees. Plaintiffs appear to concede this, stating that, "[h]aving reviewed the City's cases, Plaintiffs agree that the ADA operates under a separate remedial scheme from § 1983." Dkt. No. 248 at 12. The important point is that the Court reads the claim stated in Count 1 to be a Title II ADA claim, and not a § 1983 claim against the City based on allegedly unconstitutional actions by the City's employees when they arrested Sullivan.

Having said this, the Plaintiffs do, in their response, ask the Court to effectively revive their excessive force claim, notwithstanding the clear ruling of the Fifth Circuit that the officers are immune from that claim. Relying on *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002), they contend this case falls within an exception to the law of the case doctrine, for cases in which the decision of the higher court "is clearly erroneous and would work a manifest injustice." Thus,

they request that the Court not follow the mandate and reinstate their excessive force claim. Plaintiffs' reliance on this exception is misguided. Applied as they ask, that exception would swallow the rule. Even if the undersigned agreed with Plaintiffs that the panel decision was wrong, that would be far from enough for this Court not to follow the Circuit's mandate. That exception applies to an extremely narrow set of circumstances, which are not present here. The Section 1983 excessive force claim has been finally decided, in the officers and City's favor. Thus, the only remaining claim against the City is that stated under the ADA.

**3.     § 1983 Claim**

Finally, the City argues that, "to the extent that Plaintiff's claims are an attempt to access relief for violations of the ADA through § 1983, any such attempt is barred as a matter of law." Dkt. No. 245 at 17. No doubt misled by the Plaintiffs' sloppy pleadings, which continue to title their ADA claim as a claim under § 1983, the City argues—correctly—that an ADA claim may not be brought pursuant to § 1983. As already discussed, the ADA has its own enforcement scheme, and it is that scheme under which an aggrieved party must pursue an ADA claim. But given that the Court has for some time made it clear that it construes "Count 1" of the Fourth Amended Complaint to be a claim brought under the ADA, and only the ADA, this issue is moot.

Accordingly, Defendant City of Round Rock's Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Dkt. No. 245), and its Motion to Reconsider the Court's Order Denying Summary Judgment on Municipal Liability Claim and ADA Claim or Alternatively Second Motion for Summary Judgment (Dkt. No. 217), are, in all things, **DENIED.**

To be clear, the sole remaining claim for trial against the City of Round Rock is a claim under Title II of the ADA.

SIGNED this 11th day of September, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE