IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ROSEMARY CLAUS SULLIVAN et al., §
§
V. § A-14-CV-349-AWA
§
THE CITY OF ROUND ROCK, et al. §

## ORDER

Before the Court is RCI Dining Services (Round Rock), Inc.'s Motion for Summary Judgment (Dkt. No. 202); Plaintiffs' Response (Dkt. No. 254); RCI's Objections and Reply (Dkt. No. 258); Plaintiffs' Response to RCI's Objections (Dkt. No. 260); and RCI's Reply on the Objections (Dkt. No. 261). The City of Round Rock also responded to the motion for summary judgment (Dkt. No. 256) and RCI has replied to that. (Dkt. No. 259).

## I. Background

The facts underlying this case have been set out in numerous previous orders and will not be repeated here. By way of the motion, RCI Dining Services (Round Rock), Inc.,[1] seeks summary judgment on all of the Plaintiffs' claims against it. Plaintiffs make two claims against Rick's-Round Rock: (1) a common law "negligent undertaking" claim; and (2) a claim brought under the Texas Dram Shop Act, TEX. ALC. BEV. CODE § 2.02. In support of its motion, Rick's-Round Rock contends: (1) there is no evidence that it undertook a duty to Sullivan, and if it did have any duty to Sullivan, it fulfilled that duty; (2) the Round Rock officers' conduct was an intervening cause of Sullivan's injuries; (3) there is no evidence it continued to serve Sullivan after he was obviously intoxicated or that his intoxication was the proximate cause of his injuries; (4) it is not liable under

---

[1] As set out in the procedural history section below, the party situation involving the Rick's entities is a bit complicated. For ease of reference, the Court refers to RCI Dining Services (Round Rock), Inc. as "Rick's-Round Rock," and to the holding company as "Rick's-Holding."

the Dram Shop Act because it falls within the statute's "safe harbor;" and (5) it is entitled to summary judgment on Plaintiffs' exemplary damages claims, because there is no evidence of gross negligence and exemplary damages are not available under the Dram Shop Act.

## II. Procedural History

No Rick's entity was named as a party to this suit when it was filed on April 23, 2014. Rather, when the Plaintiffs' amended their complaint on August 11, 2014, they added as a party Rick's Cabaret International, Inc. a/k/a RCI Dining Services (Round Rock), Inc. a/k/a RCI Hospitality Holdings, Inc." (Dkt. No. 6). In its initial responsive pleading, Rick's noted that it had been incorrectly named, and indicated its correct name was RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc. (Dkt. No. 11). Consistent with this, when Plaintiffs filed their Second Amended Complaint on September 25, 2014, they named as a party RCI Hospitality Holdings, Inc. f/k/a Rick's Cabaret International, Inc. ( Dkt. No. 15). In June 2015, Plaintiffs moved for leave to amend the complaint again to, among other things, add as a party Rick's-Round Rock, asserting it was the subsidiary of Rick's-Holding which operated the club at which William Sullivan was injured. (Dkt. No. 41). Judge Yeakel granted Plaintiffs leave to file that amendment on August 17, 2015. (Dkt. No. 70).

By the time Rick's-Round Rock was added as a party, the deadline to file dispositive motions had passed. It thus sought leave to file a motion for summary judgment after the deadline. Judge Yeakel denied that motion on December 10, 2015. Dkt. No. 143 at 6-7. However, Rick's-Holding had timely filed a motion for summary judgment on July 24, 2015. Dkt. No. 55. In addition to asserting an entitlement to summary judgment because it was not the entity that operated the Rick's where the injury occurred, it raised essentially the same arguments that are raised in the motion now

2

before the Court. *See id.* at 2-3. Judge Yeakel denied the motion in December 2015, finding that there were fact questions precluding summary judgment. Dkt. No. 143. In that same order, Judge Yeakel denied the individual Round Rock Police Department officers' motion for summary judgment on the basis of qualified immunity. The RRPD officers informed the court of their intention to file an interlocutory appeal of that order, and the Defendants asked Judge Yeakel to stay the case pending that appeal. Judge Yeakel denied that motion on December 22, 2015, and, based on the parties' consent to trial before a magistrate judge, transferred the case to the undersigned. Dkt. Nos. 167, 168.

A new trial date was set for March 2016. In the weeks after reassignment of the case, numerous motions were filed with the Court, among them Rick's-Round Rock's request that the Court reconsider Judge Yeakel's order denying it the opportunity to file a motion for summary judgment, given that there was now a new trial date further out into the future. On February 16, 2016, the undersigned granted that request, and the motion was docketed. Dkt. Nos. 201, 202. Not long thereafter (March 7, 2016) the Fifth Circuit stayed the case pending the officers' interlocutory appeal, and thus no response to that motion was filed, and no order was entered on it. The stay was not fully lifted until April 13, 2017, after the Supreme Court denied certiorari on the Fifth Circuit's decision on the qualified immunity issue. The Plaintiffs have now responded to the motion, and it is ripe for review.

### III. Summary Judgment Standard

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The main purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Id.* at 323. If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The function of summary judgment is to allow for parties to preempt litigation by demonstrating that "one or more of the essential elements of a claim or defense before the court is not in doubt and that, as a result, judgment should be entered on the basis of purely legal considerations." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In deciding whether a fact issue exists, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving part, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 389 (1968)).

## IV. Analysis

As noted above, Rick's-Holding raised essentially the same arguments that are raised here in a previous summary judgment motion. Judge Yeakel denied that motion, stating:

> Having considered the arguments and evidence presented by the parties, the court finds that a genuine issue of material fact exists regarding whether Rick's employees or agents' affirmative acts created a duty of reasonable care and whether it was breached; whether the officer's actions constituted an intervening, superseding cause of harm; whether Sullivan continued to be served after he was obviously intoxicated;

4

and whether exemplary damages for gross negligence are warranted. At the summary judgment stage, the court must "refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Therefore, the court will deny RCI Hospitality Holdings' motion for summary judgment.

Dkt. No. 143 at 8. With the exception of evidence related to whether Rick's-Holding is a proper defendant for the Plaintiffs' claims, all of the evidence that was presented to Judge Yeakel on Rick's-Holding's motion was also submitted on the present motion. In addition to what Rick's-Holding submitted with its motion in 2015, Rick's-Round Rock also submitted the following evidence:

- Excerpts from Jaymi March's deposition
- Excerpts from Rolando Rodriguez's deposition
- Travis County Medical Examiner's report
- Excerpts from Dr. Kendall Crowns' deposition
- Excerpts from Randy Yarbrough's deposition
- Affidavit from Jason Cox
- Supplement to Randy Yarbrough's report

Dkt. No. 202, Exs. 1, 3, 7-11. Further, though Rick's-Round Rock does not seek any relief against the City of Round Rock, the City nevertheless filed a response to Rick's motion, supported by 10 evidentiary exhibits, to rebut Rick's claims that the RRPD officers' actions were a superseding intervening cause of Sullivan's injuries.[2] And finally, Plaintiffs submitted additional evidence in opposition to the motion, beyond what they presented on the Rick's-Holding motion, including surveillance video of the front of Rick's as Sullivan exited the club, and the affidavit of a former Rick's-Round Rock waitress regarding Rick's alleged non-adherence to TABC rules.[3]

---

[2]These exhibits include Dr. Kendall Crown's report, excerpts and an exhibit from Crown's deposition, records of the EMS transports, Dr. Nick Tsourmas' report, excerpts frm Dr. Robert Cain's deposition, Dr. Robert Bux's report, and the Travis County Grand Jury's no bill of Nelson Zoss.

[3]Rick's-Round Rock asks the Court to exclude the affidavit, as Plaintiffs failed to provide it to them until August 8, 2017, although Plaintiffs obtained it on December 17, 2015. The Court

In other words, the very same evidence that Judge Yeakel determined raised questions of fact precluding summary judgment on all of the issues that are raised here is once again before the Court, supplemented by a significant body of evidence from the City of Round Rock arguing *against* the notion that their police officers' actions were an intervening cause of Sullivan's injuries, as well as several exhibits from Rick's-Round Rock, primarily addressed to the Dram Shop Act claim. As noted, considering only the smaller universe of evidence, Judge Yeakel found that there were fact questions on every one of the issues presented. Conspicuously lacking from Rick's-Round Rock's briefing is any argument how the addition of evidence has eliminated the fact questions that existed in 2015. If anything, that additional evidence merely increases the number of fact questions. And even if all of the new evidence bolstered the already-existing evidence on Rick's side of things, as Judge Yeakel noted when he denied the first summary judgment motion, in deciding such motions a court must "refrain from making credibility determinations or weighing the evidence." (Dkt. No. 143 at 8) (quoting *Delta & Pine Land Co.,* 530 F.3d at 398-99).

Thus, the same fact questions that precluded the entry of summary judgment for Rick's-Holding still exist today, and similarly preclude the entry of summary judgment for Rick's-Round Rock.[4]

---

agrees, and will not consider the affidavit in deciding the motion for summary judgment.

[4] Of course, the fact that summary judgment is precluded by fact disputes does not mean that the Plaintiffs' claims will make it to the jury, as it is possible—maybe even likely—that a Rule 50 judgment on one of more of those claims will be appropriate at the close of either the Plaintiffs' case, or after all of the evidence is received.

## V. Conclusion

For the reasons set forth above, Defendant RCI Dining Services (Round Rock), Inc.'s Motion for Summary Judgment (Dkt. No. 202) is DENIED. The case remains set for a jury trial on October 2, 2017.

SIGNED this 11th day of September, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE